IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

Criminal No. 2:26-cr-00057

ANTHONY JOHNSON

## INFORMATION MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, United States Attorney for the Western District of Pennsylvania, and Brendan J. McKenna, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

## I.  THE INFORMATION

A one-count information was filed against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One | Possession with intent to distribute 10 grams or more of a mixture and substance containing a detectable amount of fluorofentanyl; 40 grams or more of a mixture and substance containing a detectable amount of fentanyl; 500 grams or more of a mixture and substance containing a detectable amount of cocaine; and a quantity of a mixture and substance containing a detectable amount of cocaine base. | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), 841(b)(1)(B)(vi), and 841(b)(1)(C) |
| | On or about May 10, 2022 | |

## II.  ELEMENTS OF THE OFFENSE

**As to Count One:**

In order for the crime of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), 841(b)(1)(B)(vi), and 841(b)(1)(C), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That on or about the date set forth, the defendant possessed with intent to distribute the controlled substance(s) charged in the Information.

2.    That the defendant did so knowingly and intentionally.

3.    That the mixture or substance contained fluorofentanyl (a Schedule I controlled substance and an analogue of fentanyl), fentanyl (a Schedule II controlled substance), cocaine (a Schedule II controlled substance), and/or cocaine base (a Schedule II controlled substance) as charged in the Information.

4.    That the mixture or substance containing a detectable amount of fluorofentanyl, an analogue of fentanyl, was ten (10) grams or more, and/or that the mixture or substance containing a detectable amount of fentanyl was forty (40) grams or more, and/or that the mixture or substance containing a detectable amount of cocaine was five hundred (500) grams or more.

## III.  PENALTIES

**As to Count One:**

**Possession with intent to distribute 10 grams or more of a mixture and substance containing a detectable amount of fluorofentanyl; 40 grams or more of a mixture and substance containing a detectable amount of fentanyl; and 500 grams or more of a**

**mixture and substance containing a detectable amount of cocaine (21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 841(b)(1)(B)(vi)):**

1.    A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.

2.    A fine not to exceed $5,000,000.

3.    A term of supervised release of at least four (4) years.

If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:

1.    A term of imprisonment of not less than ten (10) years to a maximum of life.

2.    A fine not to exceed $8,000,000.

3.    A term of supervised release of at least eight (8) years.

**Possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine base (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)):**

1.    A term of imprisonment of not more than twenty (20) years.

2.    A fine not to exceed $1,000,000.

3.    A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1.    A term of imprisonment of not more than thirty (30) years.

2.    A fine not to exceed $2,000,000.

3.    A term of supervised release of at least six (6) years.

## IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V.  RESTITUTION

Not applicable in this case.

## VI.  FORFEITURE

As set forth in the Information, forfeiture may be applicable in this case.

Respectfully submitted,

TROY RIVETTI
United States Attorney


*/s/ Brendan J. McKenna*
BRENDAN J. McKENNA
Assistant U.S. Attorney
PA ID No. 314315

4